W. D. HOLDER, AUDITOR, ETC., *v.* JAMES R. WINEMAN ET AL.

LANDS SOLD BY THE STATE. *Defective titles. Purchase money refunded.* Code 1892, § 2588; Laws 1896, p. 60.

The provisions of code 1892, § 2588, and Laws 1896, p. 60, providing for the state refunding the purchase money of land sold by it, in case the title fails, etc., apply only to sales made by the land commissioner.     Such sales were made only after the code became operative, November 1, 1892.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Mandamus by Jacob R. Wineman *et al.*, plaintiffs in the court below, against Holder, auditor, etc., defendant there. The judgment of the circuit court awarded the writ and defendant appealed.     The object of the suit was to compel the auditor to issue a warrant to refund the purchase money paid to the state for land to which it issued patents previously to the adoption of the code 1892, and which land the state did not own, and hence failed to give title.

*Wiley N. Nash*, attorney-general, and *Williamson & Potter*, for appellant.

*Brame & Alexander*, for appellees.

Had § 2588 not been amended by the act of 1896, it might have been plausibly contended that it was prospective only,

and could not apply to cases where a title conveyed by the state had failed prior to 1892. But, even without the act of 1896, we do not think the code section limited in its application to cases where the state's title shall have been found defective after the passage of the act. If one relying on the state's title had lost it in an action of ejectment in 1891, we think, under the code section alone, he would have had a right to have filed a bill as provided in § 2588, making the land commissioner a party, and given the state its day in court, and thus bring itself within the statute. Bear in mind that this statute is remedial and must be construed in favor of the remedy. The statute looked not so much as to the time when a title failed (as a matter of law, a void title fails the moment the deed is made), but it looks to the fact that it is defective, and to the further fact that the state is given its day in court to defend the title which it conveyed or disclaimed. But this matter is set at rest by the amendatory act of 1896, which was passed to cover just this kind of cases. It is an amendment of the code section, and the code section is by it made to read, " If the title shall fail or shall have failed." In other words, the code section must now be taken as providing that, if the title to land sold by the state shall fail or shall have failed (that is, if prior to 1892 it has failed), the purchase money shall be refunded.

Argued orally by *Wiley N. Nash*, attorney-general, and by *C. M. Williamson*, for appellant, and by *L. Brame* and *C. H. Alexander*, for appellees.

WOODS, C. J., delivered the opinion of the court.

By the enactment of chapter 73 of the code of 1892, the legislature wisely devised a new scheme for the regulation, sale, and disposition of the public lands of this state. A new office was created and a new officer provided for to take charge of and administer the important duties of the office. In effect, a new department of the executive branch of the government

was called into existence. The first section of chapter 73 of the code is in these words: "2558. Land office. There shall be a land office, to be kept at the capitol by the land commissioner, wherein shall be deposited the records of the surveyor-general's office turned over to this state by the United States, all field notes, plats, and maps of surveys of lands belonging to the office of swamp land commissioner, and all other papers, documents, and records which ought to be kept in the land office; and all such records now in the possession of any other officer shall be delivered to the land commissioner."

Section 2566 is as follows: "There shall be a land commissioner appointed by the governor, to hold office until the qualification of his successor, to be elected at the general election in 1895, and he shall succeed the swamp land commissioner, and have charge of the swamp and overflowed lands and indemnity lands in lieu thereof, the internal improvement lands, the Chickasaw school lands, for supervisory purposes the Choctaw school or sixteenth section lands, the lands forfeited to the state for nonpayment of taxes after the time allowed by law for redemption shall have expired, and of all other public lands belonging to or under the control of the state, and the regulation, sale, and disposition of all such lands, except the Choctaw school lands, shall be made through the land office."

As a part of this wholly new scheme of dealing with the public lands through the agency of this newly created land office, and by the land commissioner called into being by the code, § 2588, of chapter 73 of that code, makes provision for refunding to purchasers of lands through the land office the purchase money and fees paid, with interest at six per centum per annum, where the title to the land so sold by the state through the land office shall fail.

The whole new system of dealing with the public lands was prospective, and contemplated future failures of titles to lands thereafter to be sold through the land office. The language of the statute is, "If the title to any public land sold by the state

through the land office shall fail, the state shall refund, etc.''
Plainly, no reference was made to lands theretofore sold
through the office of the swamp land commissioner, or the
office of the auditor of public accounts, or otherwise.   For the
first time the legislature pledges the state to refund purchase
money to purchasers of its public lands on failure of its title
when the sale should thereafter be made through its land office.
By no stretch of application of any rule of construction can
§ 2588 have any reference to sales made through the office
of swamp land commissioner, or of the auditor's office, or
otherwise, under the old and unsatisfactory system which had
long prevailed prior to the·adoption of the present code.

In 1896, § 2588 was amended (acts of 1896, p. 60), so as
to read: ''If the title to any public land sold by the state
through the land office shall fail, or shall have failed,·the state
shall refund the purchase money and all fees paid, with interest
at six per centum per annum, etc.''

The amendment does not have the effect supposed by counsel
for appellees.   The employment of the words ''or shall have
failed'' only confers upon purchasers of lands from the state
through its land office that which they already had by § 2588
of the code.   It was an inartificially drawn provision, thought
by the legislature to be necessary to secure a refunding of the
purchase money from the state in cases where the title had
failed after the adoption of the code of 1892, by which the
land office was created, and which was already provided for by
the terms of § 2588: but its· chief purpose, disclosed by the·
remainder of the section, was to enable residents of the state,
in certain cases, to secure patents to other lands equal in quan-
tity to that which such purchasers had lost by reason of the
failure of their title acquired by sale through the land office,
and the words ''shall fail, or shall have failed'' applied to this
chief object of the amendment are accurate.   The language of
the amendment demonstrates that only sales made through the
land office are embraced in the terms.   For, despite the words,

"or shall have failed," the refunding is to be confined to sales made by the state through the land office. By every rule of grammatical and legal construction, the sales for which refunding is provided are sales made through the land office. The amendment must be read, "If the title to any public land sold by the state through the land office shall fail, or if the title to any public lands sold by the state through the land office, shall have failed, etc." The amendment shows that the legislature had in mind only lands sold by the state through the land office, embracing those sold between 1892 and 1896 as well as those that might be sold after 1896.

If the legislature purposed to bind the state to refund the purchase money of all lands ever sold by the state, at any time since the organization of the state government, whether made by the swamp land commissioner, the auditor, or otherwise, it would have used plain and simple language indicative of such purpose. But it intended no such universal rule, and one so far reaching in its effect. The legislature was amending an act confined exclusively to a new office and a new officer, and was providing relief, in certain cases, for purchasers who might buy from the state through the land office, under the new scheme then inaugurated, and was not opening the doors of the treasury to purchasers for the last fifty or more years who had bought not in reliance upon any promise to refund where the title had failed. Such purchasers bought at their peril, and the state was under no obligation to make them whole.

It follows that the appellee has no standing in court, and that the decree in his favor must be reversed, and the petition for mandamus dismissed.

*Decree here accordingly.*